**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| SQUISH BEAUTY LLC | : | Case No. 26-CV-3503 |
|  | : |  |
| Plaintiff, | : | **COMPLAINT** |
| v. | : |  |
|  | : |  |
| COTY INC. | : | **JURY TRIAL DEMANDED** |
|  | : |  |
| Defendant. | : |  |

Plaintiff Squish Beauty LLC ("Squish" or "Plaintiff") by its attorneys Gerber Law PLLC for its Complaint against Defendant Coty Inc. ("Coty" or "Defendant"), alleges as follows:

## NATURE OF THE CASE

1. This case arises from Coty's intentional attempt to target and steal a small brand's popular trademark with flagrant disregard for its firmly established trademark rights.

2. Squish owns the popular SQUISH beauty and cosmetics brand that markets and sells cosmetic products through its website at www.squishbeauty.com. Squish sells a range of beauty and cosmetics products under its SQUISH trademark, including a popular lip gloss. Examples of Squish's use of the SQUISH trademark are shown below.



3.      In October 2025, Coty-owned brand CoverGirl launched a SQUISHY branded lip gloss that flagrantly and intentionally copies the name, trade dress, packaging, and photography of SQUISH's popular product, as shown below.  CoverGirl also promotes its infringing SQUISHY products using Squish's SQUISH trademark to trade off of the existing popularity of Squish and its SQUISH product.

  



 **covergirl** ✓ We just had to share a little BTS (Behind The Squish) from our newest launch 😙💗

4.      Coty intentionally targeted Squish and its SQUISH trademark, knowing it was a popular niche beauty brand with a popular SQUISH-branded lip gloss. In doing so, Coty intentionally chose to unlawfully siphon the significant goodwill Squish had established in its SQUISH brand.

5.      After Squish contacted Coty to flag this flagrant infringement and to discuss these serious issues, Coty responded by denying any infringement and thereafter expanding its

promotion and sale of its infringing product, further amplifying the considerable harm to Squish's mark and business.

6. Squish asserts claims for trademark infringement under 15 U.S.C. § 1114; unfair competition, false description and false designation of origin under 15 U.S.C. §1125(a); deceptive trade practices under New York General Business Law § 349; and unfair competition under New York common law. Squish seeks injunctive relief, damages, and recovery of its costs and attorneys' fees.

## PARTIES, JURISDICTION AND VENUE

7. This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367, and principles of pendent jurisdiction.

8. Plaintiff Squish Beauty LLC is a New York limited liability company based in Brooklyn, New York. Squish is the owner of the federally registered SQUISH trademark in connection with a range of cosmetics and beauty products. Squish operates an e-commerce website, located at www.squishbeauty.com, through which it regularly sells products directly to consumers in this District. A copy of the trademark registration certificate for the SQUISH trademark is attached hereto as Exhibit A.

9. Defendant Coty Inc. is a corporation organized and existing under the laws of the State of Delaware with its United States headquarters based in this District. Defendant is one of the largest beauty and fragrance companies in the world with over $5 billion in annual revenue. Defendant has owned the CoverGirl brand since 2016. Defendant does substantial business in New York and this District and sells products to consumers in this District, including the infringing products here at issue. Defendant has also committed acts outside New York that caused injury to Squish within New York and this District.

3

10.     The Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. §§ 301 and 302.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 1400 because Defendant is located in this District, maintains one of its global headquarters in this District, does substantial business in this District, and is subject to personal jurisdiction here.

## FACTUAL BACKGROUND

Plaintiff's SQUISH Mark

12.     The Squish cosmetics company was launched in Brooklyn, New York in 2019.  An overnight success, the company released several products under its SQUISH trademark that were wildly popular and commercially successful.  Squish's SQUISH jelly lip gloss went viral and has been one of its most popular products.

13.     Squish also markets and sells SQUISH branded acne patches, SQUISH branded eye & cheek masks, and SQUISH branded moisturizer.

14.     Squish markets and sells its SQUISH beauty products on its website at www.squishbeauty.com and through other channels such as Amazon Marketplace.

15.     Squish has been featured in a range of industry publications including Vogue, Teen Vogue, Women's Wear Daily, Nylon, Glamour, Elle, Harper's Bazaar, and Dazed.

16.     Squish also prides itself on using models varying from a size 0 to a size 20, as well as featuring numerous skin colors, genders and ethnicities and with no photograph retouching in order promote body positivity.

17.     Squish has been using the SQUISH mark as its primary brand and logo and as an overall representation of its brand since its founding in 2019. Some examples of Squish's SQUISH-branded products and representative images from Squish's website are shown below.

4





18.     Squish owns federal trademark registration number 7,356,905 for the SQUISH trademark in connection with "Cosmetics; bath bombs; bath gel; bath soaps; gel eye masks; lip gloss; patches containing non-medicated skin care preparations; perfumes and colognes" in Class 3; "Hairbrushes; water bottles sold empty" in Class 21; and "Hair bands; hair clips; hair ties" in Class 26.  This registration is valid, subsisting, and in full force and effect.

19.     Squish's SQUISH-branded products have been distributed in interstate commerce throughout the United States, including in this District, since 2019. Squish is known for its high-quality cosmetic products and is identified and distinguished by the use of the SQUISH mark.

20.     Because of Squish's exclusive and extensive use of the SQUISH mark, the mark has acquired substantial value and goodwill and is recognized as identifying and distinguishing Plaintiff exclusively and uniquely as the source of products sold under the mark.

Defendant's Willful and Intentional Infringement

21.     Defendant Coty Inc. is the owner of the well-known CoverGirl brand.

22.     In 2020, following the explosive success of Squish after its viral launch the year prior, Coty executives held an internal conference call to discuss current trends in the beauty space. On that call, Squish's SQUISH brand was highlighted as a brand to watch.

23.     Following that meeting, Coty initiated the launch of its CoverGirl SQUISHY product line intended to ride on the existing goodwill of Plaintiff's SQUISH trademark. Coty's SQUISHY trademark is nearly identical to Squish's SQUISH trademark and incorporates the SQUISH trademark in its entirety.

24.     CoverGirl's SQUISHY product appearance and marketing was intentionally modeled after Squish's SQUISH branding and look and feel. CoverGirl was successful in this endeavor, as the product design and marketing aesthetic of its SQUISHY products are strikingly similar to those of SQUISH.

25.     Coty's chosen brand and marketing aesthetic, look and feel, fonts, images, and packaging are intentional copies of Squish's own brand and marketing aesthetic, look and feel, fonts, images, and packaging for its SQUISH products. Some examples of Coty's infringing SQUISHY product and copycat marketing are shown below.

7







26.    Coty intentionally chose to launch its infringing SQUISHY lip gloss in order to directly and unfairly compete with Squish's popular SQUISH lip gloss.  Indeed, Coty has repeatedly used Squish's SQUISH trademark in marketing for own infringing SQUISHY products, as shown below.

8



27.    Coty considers its use of SQUISHY to be trademark usage and not merely descriptive as it includes the ™ symbol next to near all uses of the SQUISHY trademark on its website and in advertising copy.  SQUISHY is the operative trademark for Coty here, and indeed CoverGirl's Head of Marketing, in a LinkedIn promotional post, lauded the launch with Ulta with "Welcome to the 'CoverGirl Squishy-verse.'"

9

28.    Coty was not only aware of Plaintiff Squish and its SQUISH trademark when it launched its infringing SQUISHY lip gloss: it intentionally and unlawfully targeted Squish and its popular SQUISH brand with its own directly-competing copycat product.

29.    Coty sells its infringing SQUISHY lip gloss products in the same channels of trade as Squish's SQUISH lip gloss, including via third-party online retailers.

30.    Coty did not have any permission from Squish to use its SQUISH mark.  Coty is not, nor has ever been, affiliated with Squish or SQUISH and has never been licensed or otherwise authorized by Squish to use the SQUISH mark or any variations thereof.  Indeed, Coty launched its SQUISHY lip gloss in order to unlawfully ride on the existing goodwill in Squish's SQUISH trademark for an identical product.

31.    Coty's unauthorized use of the SQUISH mark is with actual notice of Plaintiff's superior prior rights therein by virtue of both actual awareness of Squish and its registered SQUISH trademark.

32.    Coty's use of the SQUISH mark is with the deliberate intent to benefit from the goodwill that Squish has established in the SQUISH brand and with the deliberate attempt to create a false impression as to the source and sponsorship of Coty's products. If Coty's conduct is not enjoined, Squish will face irreparable harm, particularly due to great injury to the value of the SQUISH trademark and ability of the SQUISH trademark to distinguish SQUISH's goods.

33.    Coty considers its SQUISHY brand to be a functioning and valid trademark in the same way that Squish's SQUISH brand is a functioning trademark.

34.    Coty's conduct is intentionally fraudulent, malicious, willful, and wanton. Coty's adoption of the SQUISHY trademark after internally identifying SQUISH as a rising brand to watch reflects a clear, intentional scheme to benefit from willful infringement of Squish's

10

intellectual property and unfairly compete with Squish, unlawfully bullying a small startup by leveraging its multi-billion-dollar company and famous CoverGirl brand.

35.     Coty has filed numerous trademark infringement lawsuits over the years and is known for aggressively protecting its own intellectual property, but has no problem stealing intellectual property from small, start-up brands like Squish.

**FIRST CLAIM FOR RELIEF**
**<u>TRADEMARK INFRINGEMENT - 15 U.S.C. § 1114</u>**

36.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 35 above, and incorporates them herein by this reference.

37.     Defendant's unauthorized use of Plaintiff's registered SQUISH mark and its copycat SQUISHY mark on and in connection with its sale of products infringes on Plaintiff's exclusive rights in its mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), in that the public is likely to be or has been confused, mistaken, or deceived regarding the source or sponsorship of Defendant's products or by the appearance of a relationship between Plaintiff and Defendant that does not exist.

38.     Defendant is using the SQUISH and SQUISHY marks with full knowledge that the SQUISH mark it copied is associated exclusively with Plaintiff and exclusively designates Plaintiff's products. Defendant's conduct is intentionally fraudulent, malicious, willful, and wanton, and is conducted with an intent to reap the benefit of Plaintiff's goodwill in its trademark. Defendant's conduct is destroying the significant reputation and distinctiveness of Plaintiff's SQUISH trademark.  Defendant's conduct reflects a blatant disregard for Plaintiff's trademark rights.

11

39.     Defendant's conduct is causing immediate and irreparable injury to Plaintiff, and to Plaintiff's goodwill and reputation, and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION, AND FALSE**
**DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)**

40.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 39 above, and incorporates them herein by this reference.

41.     The SQUISH trademark, when used on or in connection with cosmetics, lip gloss, and related beauty products, is identified and associated in the public's mind exclusively with SQUISH. The SQUISH mark is highly distinctive of Plaintiff's goods and is entitled to the broadest scope of protection.

42.     Defendant's use of the SQUISHY mark on the infringing products and marketing therefor constitutes a false designation of origin and a false description or representation that Defendant's product originates from, or is offered, sponsored, authorized, licensed by, or otherwise somehow connected with SQUISH, and is thereby likely to confuse consumers.  Defendant's unauthorized use of the SQUISH mark in marketing for its infringing SQUISHY-branded products constitutes a false designation of origin and a false description or representation that Defendant's product originates from, or is offered, sponsored, authorized, licensed by, or otherwise somehow connected with Plaintiff, and is thereby likely to confuse consumers.

43.     By reason of the foregoing, Defendant has violated and is continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Defendant's acts of unfair competition are willful and deliberate and done with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's trademark.

12

45.    The aforesaid conduct is causing Plaintiff immediate and irreparable injury. Plaintiff has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION**

46.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 45 above, and incorporates them herein by this reference.

47.    Plaintiff's SQUISH mark, when used on or in connection with cosmetics, lip gloss, and related beauty products, is identified and associated in the public's mind exclusively with Plaintiff. Plaintiff's mark is highly distinctive of Plaintiff and is entitled to the broadest scope of protection.

48.    Defendant's unauthorized use of the infringing SQUISHY mark, which is substantially indistinguishable from Plaintiff's SQUISH mark, constitutes a false designation of origin and a false description or representation that Defendant's products originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with Plaintiff, and is thereby likely to confuse consumers.

49.    Defendant's unauthorized use of the infringing SQUISHY mark, which is identical to Plaintiff's SQUISH mark, constitutes a false designation of origin and a false description or representation that Defendant's products originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with Plaintiff, and is thereby likely to confuse consumers.

50.    Defendant has acted in bad faith by knowingly infringing Plaintiff's SQUISH mark.

51.    Defendant's conduct constitutes common law unfair competition, which has damaged and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**DECEPTIVE TRADE PRACTICES – N.Y. G.B.L. § 349**

52.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 51 above, and incorporates them herein by this reference.

53.    By reason of the acts set forth above, Defendant has been and are engaged in deceptive acts or practices in the conduct of a business, trade, or commerce in violation of Section 349 of the New York General Business Law.

54.    The public is likely to be damaged as a result of Defendant's deceptive trade practices or acts.

55.    On information and belief, Defendant has willfully and/or knowingly violated Section 349 of the New York General Business Law.

56.    Unless enjoined by this court under the provisions of Section 349 of the New York General Business Law, Defendant will continue its deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment as follows:

1.    Granting an injunction that permanently restrains and enjoins Defendant from copying, reproducing, distributing, adapting, selling, advertising, and/or publicly displaying any unlawful copy of the SQUISH mark including but not limited to the SQUISHY mark;

2.    Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendant's acts of trademark infringement and unfair competition and trebling said amount pursuant to 15 U.S.C. § 1117;

14

3.      Requiring Defendant to account for and pay over to Plaintiff the profits, gains, and advantages obtained or derived by Defendant from its acts of trademark infringement and unfair competition and awarding Plaintiff treble the amount pursuant to 15 U.S.C. § 1117;

4.      Awarding Plaintiff profits, damages, and fees, to the full extent available, pursuant to Section 349 of the New York General Business Law, and punitive damages to the full extent available under the common law;

5.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

6.      Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums; and

7.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

Dated:      New York, New York          Respectfully Submitted,
            April 28, 2026

                                        GERBER LAW PLLC

                                        By: _____
                                        Andrew Gerber
                                        Sarah Stemer
                                        andrew@gerberlaw.com
                                        sarah@gerberlaw.com
                                        27 Union Square West, Suite 301
                                        New York, NY 10003
                                        (212) 658-1810

                                        *Attorneys for Plaintiff Squish Beauty LLC*